# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID GUST<br>2807 Mayfair Avenue<br>Westchester, IL 60154<br><br>               Plaintiff,<br><br>      v.<br><br>KIM BROOKS<br>55 Crittenden St., NE<br>Washington, DC 20011<br><br>-and-<br><br>MR. SIGHTSEEING, LLC d/b/a<br>CITYSIGHTS DC<br>3330 New York Ave., NE<br>Unit 101<br>Washington, DC 20002<br><br>     Serve:<br>     Cogency Global, Inc.<br>     1025 Vermont Ave., NW<br>     Suite 1130<br>     Washington, DC 20005<br><br>-and-<br><br>UNITED STATES OF AMERICA<br>1849 C Street, NW<br>Washington, DC 20240<br><br>     SERVE:<br>     Jefferson B. Sessions III<br>     United States Attorney General<br>     U.S. Department of Justice<br>     950 Pennsylvania Avenue, NW<br>     Washington, DC 20530-0001<br><br>     Jessie K. Liu<br>     United States Attorney for the | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>) |

District of Columbia )
United States Attorney's Office )
555 4th Street, NW )
Washington, DC 20530 )
 )
United States Department of the Interior )
Office of the Solicitor – Division of )
General Law )
1849 C Street, NW )
Washington, DC 20240 )
 )
Michael T. Reynolds )
Acting Director )
National Park Service )
1849 C Street, NW )
Washington, DC 20240 )
 )
Bob Vogel )
Regional Director )
National Capital Region )
National Park Service )
1100 Ohio Drive, SW )
Washington, DC 20242 )
 )
Defendants. )

## COMPLAINT

(Negligence)

## INTRODUCTION

1.      This a civil action brought pursuant to 28 U.S.C. §§ 1346, 1367, 2671 *et seq.* seeking

damages for Plaintiff's injury caused by the negligence of Defendants.

2.      In addition, it is a civil action seeking damages against the Defendants for acts of

negligence under common law.

## JURISDICTION

3.      Jurisdiction exists in this case pursuant to the Federal Tort Claims Act, 28 U.S.C. §

1346(b).  Plaintiff further invokes the supplemental jurisdiction of this court to adjudicate

pendent claims arising under the laws of the District of Columbia pursuant to 28 U.S.C. § 1367.

4.      Venue of this court is proper as the incident occurred in the District of Columbia.

5.      Defendant United States of America has been given notice of this claim pursuant to 28

U.S.C. § 2675 with the filing of Plaintiff's Standard Form 95 to the Department of the Interior on

June 30, 2017.

## PARTIES

6.      Plaintiff, David Gust, is a resident of the state of Illinois.

7.      Defendant United States of America is the appropriate Defendant under the Federal Tort

Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.*

8.      The United States Department of the Interior and/or the National Park Service at all times

relevant to this Complaint, was the agency of Defendant United States of America that was

responsible for maintaining the tree that injured Plaintiff as set forth herein.

9.      Defendant Brooks is an individual who was the driver of the vehicle on which Plaintiff

was a passenger.

10.     Defendant Mr. Sightseeing, LLC d/b/a Citysights DC ("Defendant Sightseeing") is a

limited liability company that transacts business in the District of Columbia.  It owned and/or

operated the vehicle that Defendant Brooks was driving at all times relevant to this Complaint

and employed Defendant Brooks at all times relevant to this Complaint.

## STATEMENT OF FACTS

11.     On or about June 30, 2017, Plaintiff's counsel forwarded a Standard Form 95 form,

providing notice of Plaintiff's claim under Federal Tort Claims Act, to Defendant United States

of America, through its agencies, the Department of the Interior and the National Park Service.

12.     On or about January 31, 2018, the United States Department of the Interior mailed a letter denying Plaintiff's claim.

13.     On or about July 15, 2015, Plaintiff was a passenger on a bus that had an open top level that was owned and operated by Defendant Sightseeing and was driven by Defendant Brooks at or near the Lincoln Memorial on or near Ohio Drive SW in the District of Columbia.

14.     At all relevant times, Defendant Sightseeing owned and operated the bus that Defendant Brooks was driving.

15.     At all relevant times, Defendant Brooks was acting within the scope of her employment and/or agency for Defendant Sightseeing.

16.     At all relevant times, the National Park Service and/or the United States Department of the Interior, and therefore, Defendant United States of America was responsible for maintaining the trees and plants at or near the Lincoln Memorial on or near Ohio Drive SW.

17.     On or about July 15, 2015, Plaintiff was riding on the open top level of the aforementioned bus when he was struck in the face by a large tree branch that was a part of a tree on Defendant United States of America's property at or near the Lincoln Memorial on or near Ohio Drive SW.

18.     All all relevant times, Defendant United States knew or should have known that the aforementioned large tree branch posed a hazard to the general public, including, but not limited to the Plaintiff.

19.     At all relevant times, Defendant United States failed to properly maintain the tree branch that hit Plaintiff in the face, failed to adequately warn Plaintiff of the tree branch, and failed to

4

exercise ordinary and reasonable care under the circumstances.  In violation of its duties,

Defendant United States of America caused the incident as set forth herein.

20.    At all relevant times, Defendant Brooks failed to pay full time and attention, failed to

maintain a proper lookout, failed to take proper steps to avoid the tree branch that struck

Plaintiff, failed to sufficiently warn Plaintiff of the tree branch, and failed to exercise ordinary

and reasonable care under the circumstances.  In violation of her duties, Defendant Brooks

caused the incident as set forth herein.

21.    As a direct and proximate result of the incident alleged herein, Plaintiff suffered bodily

injuries which have caused, and will continue to cause, physical and mental pain and suffering

for the rest of his life.  Plaintiff has incurred, and will continue to incur medical and related

expenses, including lost wages and property damage.

22.    Plaintiff has complied with all conditions precedent.

### COUNT I: NEGLIGENCE OF DEFENDANT BROOKS

23.    Plaintiff incorporates the above paragraphs as if fully set forth herein.

24.    At all times mentioned herein, Defendant Brooks had the duty to operate her motor

vehicle in a reasonably safe manner, which included, but was in no way limited to, paying full

time and attention, maintaining a proper lookout, taking proper steps to avoid the tree branch,

sufficiently warning Plaintiff of the tree branch, and exercising ordinary and reasonable care

under the circumstances.  In violation of her duties, Defendant Brooks caused the incident as set

forth herein.

25.    As a direct and proximate result of Defendant Brooks' negligence, Plaintiff suffered the

injuries alleged herein.

26.     The injuries alleged herein occurred solely as a proximate result of Defendant Brooks'

negligence without any contributory negligence on the part of Plaintiff.

## COUNT II: VICARIOUS LIABILITY OF DEFENDANT SIGHTSEEING

27.     Plaintiffs restates and realleges each and every allegation set forth above as if fully set

forth herein.

28.     At all relevant times, Defendant Brooks was acting within the scope of her employment

and/or agency for Defendant Sightseeing.

29.     Therefore, Defendant Sightseeing is vicariously liable for the negligence of its agent or

employee, Defendant Brooks as alleged herein.

30.     As a result of Defendant Brooks' negligence, Plaintiff suffered injuries and damages as

set forth above.

31.     The above injuries were caused solely and proximately by Defendants' negligence

without any contributory negligence on the part of Plaintiff.

## COUNT III: COMMON CARRIER NEGLIGENCE - DEFENDANT SIGHTSEEING

32.     Plaintiff incorporates the above paragraphs as if fully set forth herein.

33.     At all times mentioned herein, the existence of the aforementioned large tree branch was

peculiarly within the knowledge of Defendant Sightseeing and thus Defendant Sightseeing had

the duty to avoid driving in the path of the large tree branch and to warn passengers on its open

busses of tree branches or other objects that could present a danger to the passengers and to

otherwise use ordinary care in carrying its passengers including Plaintiff.

34.     Defendant Sightseeing failed to avoid driving in the path of the large tree branch, failed to

warn Plaintiff of these dangers and otherwise failed to use ordinary care in carrying its

6

passengers including Plaintiff. In violation of its duties, Defendant Sightseeing caused the incident as set forth herein.

35.     As a direct and proximate result of Defendants' negligence and aforementioned failure to avoid driving in the path of the large tree branch, failure to warn Plaintiff of these dangers and otherwise failing to use ordinary care in carrying its passengers, Plaintiff suffered the injuries alleged herein.

36.     The injuries alleged herein occurred solely as a proximate result of Defendants' negligence and aforementioned failure to avoid driving in the path of the large tree branch, failure to warn Plaintiff of these dangers and otherwise failing to use ordinary care in carrying its passengers, without any contributory negligence on the part of Plaintiff.


## COUNT IV: NEGLIGENCE OF DEFENDANT UNITED STATES OF AMERICA

37.     Plaintiff incorporates the above paragraphs as if fully set forth herein.

38.     At all times mentioned herein, Defendant United States of America knew or should have known that the large tree branch was a dangerous and hazardous condition and had the duty to maintain the tree branch that struck Plaintiff in a reasonably safe manner, which included, but was in no way limited to, properly maintain the tree branch such that it was not in a position where it could strike a passenger in a bus, adequately warning people in the area of the presence of the branch, and exercising ordinary and reasonable care under the circumstances. In violation of its duties, Defendant United States of America caused the incident as set forth herein.

39.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered the injuries alleged herein.

40.     The injuries alleged herein occurred solely as a proximate result of Defendants'

negligence without any contributory negligence on the part of Plaintiff.

* * *

**WHEREFORE**, Plaintiff respectfully requests judgment against each Defendant in the

amount of two million dollars ($2,000,000.00) in compensatory damages, costs of suit, pre- and

post- judgment interest, and such other relief as the Court deems just and proper.

Date: May 15, 2018                                   RESPECTFULLY SUBMITTED,


                                                     _____/s/ Michael C. Robinett
                                                     Michael C. Robinett, DC Bar # 503231
                                                     SIMEONE & MILLER, LLP
                                                     1130 Connecticut Avenue, NW
                                                     Suite 350
                                                     Washington, DC 20036
                                                     (202) 628-3050
                                                     Fax: (202) 466-1833
                                                     mrobinett@simeonemiller.com


**JURY DEMAND**

Plaintiff demands a trial by jury against all entities not covered by the Federal Tort Claims Act.



Date: May 15, 2018                                   RESPECTFULLY SUBMITTED,


                                                     _____/s/ Michael C. Robinett
                                                     Michael C. Robinett, DC Bar # 503231
                                                     SIMEONE & MILLER, LLP
                                                     1130 Connecticut Avenue, NW
                                                     Suite 350
                                                     Washington, DC 20036
                                                     (202) 628-3050
                                                     Fax: (202) 466-1833
                                                     mrobinett@simeonemiller.com